IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Janet I. Dillard,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:11–cv–080

Judge Michael H. Watson
Magistrate Judge Kemp

## OPINION AND ORDER

On November 29, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Court sustain the statement of errors filed by Plaintiff Janet I. Dillard, and that this case be remanded to the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. The Commissioner has filed a timely objection to that recommendation. Plaintiff has not responded. For the following reasons, the Commissioner's objection will be overruled and this case will be remanded to the Commissioner for further proceedings.

### I. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

The Court's review of the underlying decision "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made

pursuant to proper legal standards.'" *Ealy v. Comm'r Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

"Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009), quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## II. FACTS

The Commissioner does not object to the Report and Recommendation's summary of the testimony at the administrative hearing, of the medical evidence, or of the administrative decision, so that summary will be repeated here only briefly. Plaintiff claimed a disability beginning on July 25, 2006. She was 63 years old at the time of the hearing, had graduated from high school, and had previously worked in telephone solicitation and as a cashier and stock person in the retail trade. She testified to back

pain and symptoms from diabetes, including diabetic neuropathy in her feet and episodes of fainting or instability due to variations in her blood sugar.

Dr. Karne was Plaintiff's primary physician for managing her diabetes. When he first saw her in 2007, her blood sugar readings varied widely and she was reporting frequent hypoglycemic episodes. At that time, and again later that year, he described Plaintiff's diabetes as uncontrolled. According to his notes, that condition persisted until December of 2008, when Plaintiff's blood sugar was finally brought under control. Dr. Karne gave various reasons why Plaintiff had not successfully controlled her blood sugar, including dietary inconsistency and failure to count carbohydrates, but he also adjusted her insulin regimen over that time frame. The medical expert called to testify at the administrative hearing, Dr. Cherdron, stated that a person whose diabetes is poorly controlled can have multiple episodes of hypoglycemia or hyperglycemia, and that these episodes can affect an individual's concentration or ability to stay on task (as Plaintiff herself testified).

The ALJ found that Plaintiff's diabetes, as well as several other medical conditions, were severe impairments, and that she was limited to performing a reduced range of medium work. The ALJ credited a vocational expert's testimony that someone so limited, but who did not have the number of diabetes-related episodes to which Plaintiff testified, could do Plaintiff's past jobs and others as well. The vocational expert also testified that if Plaintiff experienced the episodes she reported, and as frequently as she said she did, she could not work, but because the ALJ did not accept Plaintiff's testimony on that point, her claim for benefits was denied.

## III. DISCUSSION

Plaintiff raised a number of issues in her statement of errors. The Magistrate Judge found most of them to be without merit, and because Plaintiff has not filed objections to the Report and Recommendation, there is no need to discuss those issues here. However, the Report and Recommendation concluded that Plaintiff had raised one valid claim, namely that the ALJ improperly failed to credit the various reports from Dr. Karne, to the effect that Plaintiff's blood sugar was not well-controlled until approximately two years after her alleged onset date. As the Report and Recommendation notes, the ALJ apparently did not believe that these reports were the equivalent of an opinion from a treating source about disability, and did not analyze them under 20 C.F.R. § 404.1527(d), which describes how the Commissioner is to weigh such opinions given by treating sources. The Report and Recommendation concluded that a remand was needed in order to have the proper evaluation done.

In responding to Plaintiff's statement of errors, the Commissioner had argued that Dr. Karne's opinions about Plaintiff's diabetes were not the type of medical opinions to which the Commissioner must give deference. The Magistrate Judge rejected that argument, pointing out that § 404.1527(d)(2) specifically applies to "a treating source's opinion on the issue(s) of the nature and severity of your impairment," and that Dr. Karne's views about the extent to which Plaintiff's diabetes was under control were opinions about the "nature and severity" of Plaintiff's diabetes, even if they did not specifically address how her diabetes was affecting her ability to work.

The Commissioner's objection repeats the claim that Dr. Karne's opinions did not qualify for special treatment under § 404.1527(d), the "treating physician" rule, and that

even if they did, the ALJ's failure to apply that rule was harmless error.

The Commissioner's objections continue to characterize the statements made by Dr. Karne as "treatment notes" rather than as "medical opinions." Certainly, some observations or recordings of test results by treating sources are not opinions, and do not require the ALJ to engage in the analysis required by § 404.1527(d) when discussing their relevance or weight. *See, e.g., Bass v. McMahon*, 499 F.3d 506, 510 (6th Cir. 2007) (observations by a treating source to the effect that the claimant "exhibited an antalgic gait, moved slowly, and used double-braced canes to assist him" were not the type of medical opinions entitled to deference). At the other end of the spectrum, the Commissioner routinely discounts conclusory statements made by treating sources to the effect that a claimant is disabled, on grounds that disability is a legal conclusion reserved to the Commissioner. *See, e.g., Hunley v. Astrue*, No. 3:10–cv–400, at *2 (E.D. Tenn. August 15, 2011), *citing* 20 C.F.R. § 404.1527(e)(1). Medical opinions which address "the nature and severity" of a claimant's condition—the language used in § 404.1527(d)—fall somewhere in the middle.

The Court agrees with the Magistrate Judge's assessment that a diabetic patient's degree of control over her diabetes is a medical opinion and not simply an observation. It requires not just the taking of information either from the patient or from test results, but the evaluation of that information in order to determine a future course of treatment. Other courts (and other ALJs) have characterized such statements by physicians as opinions. *See, e.g., Anderson v. Astrue*, No. 1:10–cv–76, 2011 WL 4449422, at *2–3 (M.D. Ga. Aug. 24, 2011), *adopted and affirmed* 2011 WL 4461522 (M.D. Ga. Sept. 26, 2011); *Grady v. Astrue*, No. 07-421-PMF, 2008 WL 2397583, at *5

(S.D. Ill. June 10, 2008) (explaining that "[m]edical opinions include statements about symptoms, diagnosis, [and] prognosis" and holding that statements about the uncontrolled nature of the claimant's diabetes "qualify as medical opinions. . ."). Clearly, were this a case in which a witness subject to the Federal Rules of Evidence were to offer testimony about how well-controlled a patient's diabetes is, the Court would treat that as a medical opinion and expect that a foundation for that opinion would be established under Federal Rule of Evidence 702. Thus, it was error for the ALJ not to treat these statements as opinions or to articulate a basis for giving them little or no weight.

The Commissioner devotes a substantial portion of the objection to the argument that Dr. Karne's notes really do not reflect his opinion that Plaintiff's diabetes was under poor control for well over a year, and that the ALJ's failure to explain the reasons for rejecting them was harmless error. Because the ALJ did not provide an adequate explanation for disregarding the statements made by a treating source, the disposition of this case is controlled by *Wilson v. Commissioner of Social Security*, 378 F.3d 541 (6th Cir. 2004). *Wilson* held that the failure to follow the procedure mandated by § 404.1527(d) can be harmless error, but only if the error is truly *de minimis*—as, for example, "if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it . . . ." *Wilson*, 378 F.3d at 547. Other situations where the harmless error rule is applied include those where the ALJ actually accepted the treating physician's opinion or provided sufficient reasons, by way of an "indirect attack" on the treating physician's views, to satisfy the "good reasons" provision found in § 404.1527(d). *See, e.g., Pyatt v. Commissioner of Social Security*, 771 F.Supp. 2d

891 (S.D. Ohio 2011). None of those situations is present here. The reasons advanced by the Commissioner as to the weight properly to be given to Dr. Karne's opinion, and how it factors into the other evidence about disability, are more properly left to the ALJ to determine in the first instance. That can be accomplished on remand.

### IV. CONCLUSION

For all of these reasons, and after a *de novo* review of those portions of the Report and Recommendation to which the Commissioner objected, the Court **OVERRULES** the objections, ECF No. 19, and **ADOPTS AND AFFIRMS** the Report and Recommendation, ECF No. 18. The Plaintiff's statement of specific errors, ECF No. 12, is **SUSTAINED** to the extent that this case is **REMANDED** to the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

*[signature]*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**